IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK A. CRAIG                                                    PLAINTIFF

vs.                              Civil No. 6:13-cv-06100

CAROLYN W. COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Patrick A. Craig ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 14.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed his SSI application on August 16, 2010.  (Tr. 46, 91-95).  In his

application, Plaintiff alleges being disabled due to asthma, attention deficit disorder, attention

deficient hyperactivity disorder, oppositional defiant disorder, bipolar disorder, an "IED," right knee

damage, and a herniated disc. (Tr. 105).  Plaintiff alleges an onset date of October 1, 2003.  (Tr. 46).

This application was denied initially and again upon reconsideration. (Tr. 41).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

1

requested an administrative hearing on his application, and this hearing request was granted. (Tr. 15-40, 67-69).

Plaintiff's administrative hearing was held on December 19, 2011 in Wilkes-Barre, Pennsylvania. (Tr. 15-40). Plaintiff was present and was represented by counsel, Crystal McIntyre, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Gerald Keating testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-five (25) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 19). As for his level of education, Plaintiff testified he had obtained his GED. *Id.*

On January 11, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 46-55). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 16, 2010, his application date. (Tr. 48, Finding 1). The ALJ found Plaintiff had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), post traumatic stress disorder ("PTSD"), history of polysubstance abuse, personality disorder, and mood disorder. (Tr. 48, Finding 2). However, the ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 49-50, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 50-54, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) further limited as follows: the claimant is limited to simple,

repetitive tasks; no contact with the general public and occasional contact with coworkers and supervisors; occasional changes in the work setting and no fast-paced production environments.

*Id.*

The ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 54, Finding 4). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 54-55, Finding 9). The ALJ relied upon the testimony of the VE to make this determination. *Id.* Specifically, based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the requirements of the following representative occupations: (1) dishwasher with 1,100-1,200 such positions; (2) floor cleaner with 400-500 such positions, and (3) auto detailer with 100-200 such positions. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, since August 16, 2010, his application date. (Tr. 55, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 14). On April 26, 2013, the Appeals Council denied this request for review of the ALJ's unfavorable determination. (Tr. 8-11). On June 28, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 16, 2013. ECF No. 14. Both Parties have filed appeal briefs, and Plaintiff filed a reply brief. ECF Nos. 17-19. This case is now ready for decision.

## 2.    <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In his appeal brief, Plaintiff raises four arguments for reversal: (A) the ALJ erred in finding his personality disorder did not meet the requirements of Listing 12.08; (B) the ALJ erred in evaluating the credibility of his and his wife's subjective complaints; (C) the ALJ erred in rejecting the opinion of the consulting examiner Dr. Sallade and relying upon the opinions of the state agency physicians; and (D) the ALJ did not comply with HALLEX I-2-5-34 because he did not request the opinion of a medical expert. ECF No. 17. The Court will address each issue Plaintiff has raised.

**A.**   **Listing 12.08 (Personality Disorders)**

Plaintiff claims his impairments meet the requirements of Listing 12.08. ECF No. 17 at 7-9. Listing 12.08 (Personality Disorder) requires a showing of the following:

> A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and are not limited to discrete episodes of illness. The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:

1. Seclusiveness or autistic thinking; or

2. Pathologically inappropriate suspiciousness or hostility; or

3. Oddities of thought, perception, speech and behavior; or

4. Persistent disturbances of mood or affect; or

5. Pathological dependence, passivity, or aggressivity; or

6. Intense and unstable interpersonal relationships and impulsive and damaging behavior;

AND

B. Resulting in at least two of the following:

1. Marked restriction in activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration.

In his opinion, the ALJ considered Listing 12.08 but found Plaintiff's impairments did not meet the requirements of the "B" criteria:

> Because the claimant's medical impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied.  As the paragraph B criteria of section 12.08 is not satisfied, contrary to counsel's argument (Exhibit 11E), the severity of the claimant's personality disorder does not meet listing 12.08.

(Tr. 49).

In response, Plaintiff alleges in his briefing that the requirements of (B)(2) and (B)(3) are met.  ECF No. 17 at 8-9.  Because these requirements are met, Plaintiff claims he has met the "B" criteria.  The Court will address Subsection (B)(2) and Subsection (B)(3) separately.

6

Subsection (B)(2) requires "marked difficulties maintaining social functioning." In support of his claim that he has a "marked" limitation in this area, Plaintiff references the findings of consulting examiner Dr. Jacqueline Sallade, Ed.D. Dr. Sallade examined Plaintiff on October 13, 2010. (Tr. 288-297). As a part of her examination, Dr. Sallade completed a questionnaire with a checklist form and a written narrative summarizing her findings. *Id.*

As to Plaintiff's claim he has "marked difficulties maintaining social functioning" under (B)(2), Dr. Sallade found on her checklist form that Plaintiff had "marked" limitations in the following areas: interacting appropriately with the public; interacting appropriately with co-workers; and responding appropriately to changes in a routine work setting. (Tr. 290). Dr. Sallade also found Plaintiff had an "extreme" limitation the following area: responding appropriately to work pressures in a usual work setting. *Id.*

In her narrative, however, Dr. Sallade's findings were not nearly as extreme. Indeed, she found Plaintiff's "[s]ocial functioning is more at a teenage level." (Tr. 296). She reported he "gets along with coworkers and peers, but is also moody, temperamental, sometimes suspicious, and oversensitive, if he does not completely understand the situation and is not treated with 'kid gloves.'" *Id.* Further, Dr. Sallade noted Plaintiff's prognosis was "poor" but then indicated that "behavioral management, such as counseling" and "vocational rehabilitation" would be beneficial, indicating his "difficulties maintaining social functioning" could be treated. Accordingly, if his social impairments are responsive to treatment, they are likely not disabling. *See Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996) (recognizing that conditions which can be treated with medication are not disabling). Thus, Plaintiff has not established he as a "marked" limitation in this area.

Subsection (B)(3) requires "marked difficulties in maintaining concentration, persistence, or

pace."  In support of his claim that he has a "marked" limitation in this area, Plaintiff again relies

upon the findings of  Dr. Sallade.  ECF No. 17 at 9.  In her checklist report, Dr. Sallade found

Plaintiff had "extreme" limitations in the following areas: understanding and remembering detailed

instructions; carrying out detailed instructions; and making judgments on simple work-related

decisions.  (Tr. 290).  In her narrative, however, her findings were not nearly as severe.  Indeed, she

reported his "concentration level is borderline to low average" and "[i]mmediate retention and recall

are average, with repetition of six digits forward and four digits backward."  (Tr. 294).  Dr. Sallade

also noted Plaintiff has difficulty focusing on many things but "does well with video games."  *Id.*

Based upon these findings, Plaintiff has not met his burden of demonstrating he suffers from

a "marked" limitation in "concentration, persistence, or pace."  *See McCoy v. Astrue,* 648 F.3d 605,

611-12 (8th Cir. 2011) (holding that to qualify for disability under this listing, the claimant has the

burden of establishing his condition meets or equals all the specified medical criteria).  Thus,

because Plaintiff has not demonstrated that he suffers from a "marked' limitation under either the

(B)(2) or (B)(3) criteria, the Court finds no basis for reversal on this issue.

**B.    Subjective Complaints**

Plaintiff claims the ALJ erred in discounting his subjective complaints and the subjective

complaints of his wife related to his limitations.  ECF No. 17 at 10-11.  In assessing the credibility

of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,*

739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis
of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of
your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or
symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board,
etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of
these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not

*v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully considered the subjective complaints of Plaintiff and his

require the analysis of these additional factors in this case.

wife.  First, although the ALJ did not reference the *Polaski* factors specifically, which is the preferred practice, he did state he considered Plaintiff's subjective complaints "based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p."  (Tr. 50).  This was sufficient.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (finding an analysis based upon 20 CFR 416.929 was sufficient). Second, the ALJ's credibility determination is based upon "good reasons."  This is all that is required.  *See McCoy,* 648 F.3d at 614 (holding that where the ALJ's explicitly discredits claimant and gives "good reasons" for doing so, the court normally defers to the ALJ's credibility finding).

Notably, in assessing his credibility, the ALJ referenced the fact Plaintiff has a long criminal history.  (Tr. 50).  The ALJ noted Plaintiff is under "no active treatment" for his allegedly disabling impairments, despite the fact he "does have an Access Card so that treatment options are likely available."  *Id.*  Plaintiff is able "to play video games at home," and "he has applied for a number of jobs."  *Id.*  Plaintiff has had "no active [medical] treatment" for any of his allegedly disabling impairments.  (Tr. 53).  The ALJ also noted Plaintiff "acted appropriately throughout the hearing" which indicated he had "some ability to control antisocial tendencies."  *Id.*

As for his physical impairments, Plaintiff presented to his physical examination with a "pronounced limp" but was "observed walking into the office without any limp and when leaving the office was observed to move with 'remarkable speed.'" (Tr. 52).  As a final point, the ALJ stated Plaintiff "had a long incarceration for stabbing someone and has a history of poly substance abuse." (Tr. 53).  In light of these findings, the Court finds no basis for reversal on this issue.  *See McCoy,* 648 F.3d at 614.

### C.    Evaluation of the Medical Evidence

Plaintiff claims the ALJ erred "by rejecting the opinion of psychiatric consulting examiner

10

Dr. Sallade and by relying on the opinions of the State Agency physicians." ECF No. 17 at 12-13. As noted above, the ALJ fully considered the opinions of Dr. Sallade. After summarizing her findings in his opinion, the ALJ noted: "Dr. Sallade paints a pretty grim psychological picture in her CE but I have a hard time believing that snapshot assessment when there is no longitudinal history for continuous treatment." (Tr. 53). The ALJ also outlined the findings of the state agency physicians and adopted their findings because they were "consistent with and supported by the record evidence." *Id.*

Upon review, the Court finds the ALJ did not err in rejecting the findings of Dr. Sallade and adopting the findings of the state agency physicians. Notably, Dr. Sallade is not a treating physician. Thus, the ALJ need not adopt her opinions. *See Kirby v. Astrue,* 500 F.3d 705, 709 (8th Cir 2007) (finding the opinion of a consulting physician is not entitled to special deference, especially when it is based largely on the claimant's subjective complaints). Further, the ALJ did not adopt the findings of the state agency physicians in a vacuum but, instead, throughly evaluated all the evidence and found their opinions were consistent with that evidence. Such a determination was entirely proper. *See Smith v. Colvin,* No. 13-2984, 2014 WL 2871309, at *3 (8th Cir. June 25, 2014) (affirming the ALJ's disability determination as being supported by substantial evidence where the ALJ gave "significant weight" to the opinions of the state agency physicians after considering those opinions in conjunction with the other evidence in the record).

### D.    HALLEX I-2-5-34(b)

Plaintiff claims the ALJ was required to obtain a medical expert pursuant to HALLEX I-2-5-34(b) in order to assess whether his impairments meet the requirements of a Listing. ECF No. 17 at 14-15. Upon review, according to this provisions, an ALJ *must* obtain an opinion of a medical

expert when the "ALJ is considering a finding that the claimant's impairment(s) medically equals a medical listing."  *See* HALLEX I-2-5-34, WHEN TO OBTAIN MEDICAL EXPERT OPINION, http://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-34.html (last visited July 18, 2014).

However, in the present action, the ALJ *did* use a medical expert as required by this provision.  Dr. James Cunningham, Ed.D.,a state agency medical expert, evaluated the evidence and provided an opinion as to whether Plaintiff's impairments met the requirements of a Listing.  (Tr. 41, 53, 60-61, 298-310, 313).  Thus, Plaintiff's claim is entirely meritless.

**4.**    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of July 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

12